# UNITED STATES DISTRICT COURT
## FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NAKIA TUMBLIN, )<br><br>     Plaintiff )<br><br>     v. )<br><br>AMSHER COLLECTION SERVICES,)<br>INC., )<br><br>     Defendant ) | **Case No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## COMPLAINT

NAKIA TUMBLIN ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against AMSHER COLLECTION SERVICES, INC. ("Defendant"):

### INTRODUCTION

1.      Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Telephone Consumer Protection Act, ("TCPA"), 47 U.S.C. § 227, *et seq.*

### JURISDICTION AND VENUE

2.      Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

1

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.     Defendant conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.     Plaintiff is a natural person residing in Lancaster, Pennsylvania 17602.

6.     Plaintiff is a "consumer" pursuant to 15 U.S.C. § 1692a(3).

7.     Plaintiff is a "person" with standing to bring this suit pursuant to 15 U.S.C. §1692k(a).

8.     Defendant is a debt collection company with its headquarters located at 4524 Southlake Parkway, Suite 15, Birmingham, Alabama, 35244.

9.     Upon information and belief, Defendant is a corporation that provides call center, collections and debt purchase services to companies in the United States.

10.     At all times material hereto, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), and repeatedly contacted Plaintiff in its attempts to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5) for another person.

PLAINTIFF'S COMPLAINT

11.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12.    Upon information and belief, Defendant collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone and/or internet.

13.    Upon information and belief, the alleged debt Defendant was seeking to collect arose out of transactions that were related to a debt for family, household, or personal purposes.

14.    Defendant repeatedly called Plaintiff on her cellular telephone in its attempts to collect a debt.

15.    During this time Defendant placed calls to Plaintiff using an automatic telephone dialing system and/or artificial or pre-recorded messages.

16.    Plaintiff knew Defendant was using an automatic telephone dialing system, as calls would begin with a pre-recorded message before transferring to a representative.

17.    Defendant's calls were not for emergency purposes.

PLAINTIFF'S COMPLAINT

18.    Shortly after the calls started, Plaintiff first told Defendant to stop calling.

19.    Defendant heard and acknowledged this request.

20.    However, Defendant did not remove Plaintiff's cellular telephone number from its database and continued to call Plaintiff in its attempts to collect this alleged debt.

21.    These repeated and continuous phone calls were aggravating and annoying, especially after Plaintiff told Defendant to stop calling her.

22.    Once Defendant was aware that its calls were unwanted any further calls could only have been for the purpose of harassing Plaintiff.

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

## COUNT I

23.    Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692d and 1692d(5).

    a.    Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

    b.    Section 1692d(5) of the FDCPA prohibits debt collectors from

causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

c.     Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA when it called Plaintiff's cellular telephone repeatedly and continued to call knowing its calls were unwanted.


**DEFENDANT VIOLATED THE**
**TELEPHONE CONSUMER PROTECTION ACT**

**COUNT II**

24.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

25.     Defendant initiated multiple telephone calls to Plaintiff's cellular telephone using an automatic or "predictive" dialing system.

26.     The calls were made using an artificial or pre-recorded voice.

27.     Defendant's calls to Plaintiff were not made for emergency purposes.

28.     After Plaintiff told Defendant to stop calling, the Defendant knew or should have known it did not have consent to call and that any consent it may have thought it had, if any, was revoked.

29.    Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

30.    The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

31.    As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, NAKIA TUMBLIN, respectfully prays for a judgment as follows:

a.    All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A) and 15 U.S.C. §1692k(a)(1),

b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3)

PLAINTIFF'S COMPLAINT

d.   Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

g.   Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

h.   Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

i.   Any other relief deemed appropriate by this Honorable Court.

**<u>DEMAND FOR JURY TRIAL</u>**

PLEASE TAKE NOTICE that Plaintiff, NAKIA TUMBLIN, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: 7-25-19

By: <u>/s/ Amy L. B. Ginsburg</u>
Amy L. B. Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: aginsburg@creditlaw.com